UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIGIO LOPEZ,

      Petitioner,

  -against-

JUDGE GAZILLO, NYS Suffolk County Court
Judge; NYS,

      Respondents.
------------------------------------------------------------X
LIGIO LOPEZ,

      Petitioner,

  -against-

JUDGE GAZILLO, NYS Suffolk County Court
Judge; NYS

      Respondents.
------------------------------------------------------------X

ORDER
14-CV-6856 (JFB)

15-CV-2023 (JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 22 2015 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On November 18, 2014, incarcerated *pro se* petitioner Ligio Lopez ("petitioner") filed an *in forma pauperis* petition for a writ of mandamus against Judge Gazillo, New York State Supreme Court, Suffolk County, and the State of New York. (*See* Docket No. 14-CV-6856 (JFB) ("the First Case")). On December 29, 2014, petitioner filed another *in forma pauperis* petition for a writ of mandamus also against Judge Gazillo, New York State Supreme Court, Suffolk County, and the State of New York. (*See* Docket No. 14-7577(JFB) ("the Second Case")). The Court, in an order issued on April 1, 2015, found the second case duplicative of the first and ordered the Clerk of the Court to consolidate the dockets and close the second case. On April 2, 2015 petitioner filed another *in forma pauperis* petition for a writ of mandamus against the same parties with largely the same allegations. (*See* Docket No. 15-2023(JFB) ("the Third Case")). In separate letters to the Court, petitioner requests the Court to accept his April 2,

2015 submission as an amended writ of mandamus in the first case. (See Docket Entries 11 & 14 in the First Case.) Accordingly, given that the petition filed in the third case is duplicative of the petition filed in the first case, and that the petitioner asked the Court to view his petition in the third case as an amended writ in the first case, the Court respectfully directs that the Clerk of Court consolidate these dockets and close the third case. The Court further directs the petitioner to submit all future filings related to this matter only in the first case and to make sure each submission only includes the docket number 14-CV-6856 (JFB). *See, e.g., Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) ("The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.") (internal quotation marks, alterations, and citations omitted).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: April 22, 2015
Central Islip, New York

Joseph F. Bianco
United States District Judge

2